UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| DAVID LEE MOBLEY,                 )<br>　　　　Plaintiff,           )<br>                                   )<br>　　v.                             )   CAUSE NO.: 4:22-CV-76-JVB-JPK<br>                                   )<br>ROBERT A. GOLDSMITH, *et al.*,     )<br>　　　　Defendants.          ) | |

## **OPINION AND ORDER**

David Lee Mobley, a prisoner without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mobley was housed at the Tippecanoe County Jail on March 22, 2022,[1] when he alleges he slipped and fell as he was exiting his cell. He claims there was no "wet floor" sign to indicate the floor had just been mopped. (Compl. at 1, ECF No. 1). He was immediately transferred to an outside hospital for observation, where doctors informed him he had broken his patella bone and would need surgery. Mobley was transferred back to the Tippecanoe County Jail to await the surgery, which occurred at the hospital within a week. Following the surgery, he was transported to the medical unit at the Tippecanoe County Jail until his transfer to the Morgan County Jail was complete. He alleges he would have taken precautions had he known the floor was wet and that

---

[1] However, he is currently incarcerated in the Morgan County Jail. (Compl. Env., ECF No. 1-1).

the defendants could have prevented his injury "if they would have enforced the jail policy using wet floor sign after mopping." *Id*. at 3. Mobley has sued Robert A. Goldsmith (the Tippecanoe County Sheriff), Thomas Lehman (the Tippecanoe County Jail Commander), and Kari Morgan (the Tippecanoe County Jail Assistant Commander) for monetary damages.[2]

Inmates are entitled to conditions of confinement that meet "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). In evaluating an Eighth Amendment claim,[3] courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id*. (citations omitted). On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Id.* As the Seventh Circuit has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted). Put another way, an inmate can state a viable claim for deliberate indifference to a hazardous condition of confinement if he alleges the defendant "deliberately ignored a prison

---

[2] Mobley also complains he is currently suffering from daily pain and needs "extensive physical therapy and possibly another surgery to correct the problem." (Compl. at 3). However, any injunctive relief claims cannot be brought against the defendants at the Tippecanoe County Jail because he is no longer incarcerated there; in fact, he specifically alleges he will be finishing the remainder of his sentence at the Morgan County Jail. *Id.*at 2; *see Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) ("If a prisoner is transferred to another prison, his request for injunctive relief against officials of the first prison is moot unless he can demonstrate that he is likely to be retransferred.").

[3] Mobley checked the box on his prisoner complaint form that indicates the events occurred "[a]fter I was convicted while confined serving the sentence." (Compl. at 4).

condition that presented an objectively, sufficiently serious risk of harm." *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014) (citation omitted).

Here, the hazard about which Mobley complains—namely, that the floor outside his cell was wet after being mopped—is "not sufficiently serious to invoke the Eighth Amendment" because "[f]ederal courts consistently have adopted the view that slippery surfaces and shower floors in prisons, without more, cannot constitute a hazardous condition of confinement." *Pyles*, 771 F.3d at 410 (collecting cases in footnote twenty-five and affirming dismissal at screening of inmate's claim that the warden was deliberately indifferent to the condition of the wet stairs despite being previously advised of the alleged danger); *see also Bell v. Ward*, 88 Fed. Appx. 125, 127 (7th Cir. 2004) (affirming dismissal of inmates claims at screening because "[a]lthough wet floors do present a possibility that inmates might slip, [the inmate's] allegations do not suggest a s*ubstantial* risk of serious harm that reflects the deliberate indifference required to impose liability under the Eighth Amendment.") (emphasis in original). While Mobley claims the accident could have been prevented if the jail policy of displaying "wet floor" signs after mopping had been followed, a violation of a prison policy is not a violation of the Constitution. *See Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("However, 42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices."). At most, the incident described by Mobley is suggestive of negligence, but "negligence alone is not enough to support a claim of deliberate indifference." *Bell*, 88 Fed. Appx. at 127 (citing *Daniels v. Williams*, 474 U.S. 327, 332 (1986); *Farmer*, 511 U.S. at 837); *see also Hildreth v. Butler*, 960 F.3d 420, 425-26 (7th Cir. 2020) ("To be sure, negligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to support an Eighth Amendment claim.). Therefore, Mobley's claims must be dismissed.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, the Court hereby **DISMISSES** this case pursuant to 28 U.S.C. § 1915A because the complaint fails to state any claims.

SO ORDERED on October 13, 2022.

s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN, JUDGE  
UNITED STATES DISTRICT COURT